UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Angela Ware,<br><br>        Plaintiff,<br><br>v.<br><br>Experian Information Solutions, Inc.;<br>Equifax Information Services, LLC, and<br>TransUnion, LLC<br><br>        Defendants. | **Complaint for a Civil Case**<br><br>Case No.:<br><br><br>**JURY TRIAL DEMAND** |

Comes now Plaintiff, Angela Ware ("Plaintiff") by and through counsel undersigned, and upon information and belief, hereby complains as follows:

## INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is a resident of the county of Douglas, Georgia.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

6. Defendant Experian Information Solutions, Inc., ("Experian") is in the business of maintaining and reporting consumer credit information for profit.

7. Experian is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and regularly conducts business in Georgia.

8. Defendant Equifax Information Services, LLC ("Equifax") is in the business of maintaining and reporting consumer credit information for profit.

9. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and regularly conducts business in Georgia.

10. Defendant TransUnion, LLC ("TransUnion") is in the business of maintaining and reporting consumer credit information for profit.

11. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f) and regularly conducts business in Georgia.

### FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendant Experian, Equifax, and TransUnion (collectively "Defendants") and has suffered particularized and concrete harm.

13. Experian, Equifax, and TransUnion are three of the largest consumer reporting agencies ("CRA") as defined by 15 U.S.C. §1681a(f).

14. The CRA's primary business is the sale of consumer reports to third parties and consumers.

15. Experian, Equifax, and TransUnion each have a duty of the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

16. On or about September 2023, Plaintiff discovered unknown accounts with Self Lead; account number 175043**, The Bank of Missouri; account numbers 431732022073 and 405731*****, First Premier Bank; account number 517800*****, Merrick Bank; account number 546316*****, Kikoff Lending, LLC; account number CL4CZN****, and Verizon Communications, Inc.; account number 526483*** reporting on Plaintiff's Equifax consumer report.

17. After disputing all of the unknown accounts reporting on Plaintiff's Equifax report, the Self Lead, The Bank of Missouri, First Premier Bank, Merrick Bank, Kikoff Lending, LLC, and Verizon Communications, Inc. accounts (hereinafter the "Equifax Accounts") remained on Plaintiff's Equifax report.

18. On or about September 2023, Plaintiff discovered unknown accounts with Self Lead; account number 175043**, The Bank of Missouri; account number 431732022073, Merrick Bank; account number 546316*****, Kikoff Lending, LLC; account number CL4CZN****, Verizon Communications, Inc.; account number 526483***, and Enhanced Recovery Company, LLC; account number 245763** reporting on Plaintiff's Experian consumer report.

19. After disputing all of the unknown accounts reporting on Plaintiff's Experian report, the Self Lead, Bank of Missouri, Merrick Bank, Kikoff Lending, LLC, Verizon Communications, Inc., and Enhanced Recovery Company, LLC accounts (hereinafter "Experian Accounts") remained on Plaintiff's Experian report.

20. On or about September 2023, Plaintiff discovered unknown accounts with Synovus Bank d/b/a First Progress Card; account number 544303****, Self Lead; account number 1750, The Bank of Missouri; account number 431732022073, First Premier Bank; account number 517800*****, Merrick Bank; account number 546316*****, Verizon Communications, Inc.; account number 526483***, and American First Finance, LLC; account 1000028***** reporting on Plaintiff's TransUnion consumer report.

21. After disputing all of the unknown accounts reporting on Plaintiff's TransUnion report, the Synovus Bank d/b/a First Progress Card, Self Lead, The Bank of Missouri, First Premier Bank, Merrick Bank, Verizon Communications, Inc., and American First Finance, LLC, accounts (hereinafter "TransUnion Accounts") remained on Plaintiff's TransUnion report.

22. The Equifax Accounts, Experian Accounts, and TransUnion Accounts (collectively the "Accounts") are all not known to Plaintiff to believed to be the product of Plaintiff's identity theft.

23. In December 2018 Plaintiff was the victim of theft when her purse was stolen.

24. Plaintiff's driver's license, credit cards, and other personal information were in the stolen purse.

25. Plaintiff filed a police report detailing the theft with the Douglasville Police Department.

26. Plaintiff filed a Federal Trade Commission Identity Theft Report detailing the Accounts as the product of fraud.

27. The reporting of multiple unknown Accounts is not accurate because Plaintiff is not the legal owner of the Accounts.

28. The balances reported on the Accounts negatively affects Plaintiff's creditworthiness and ability to obtain new lines of credit.

29. The reporting of the Accounts has become a permanent component of Plaintiff's credit profiles.

30. The false information regarding the Accounts appearing on Plaintiff's consumer reports harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

31. Experian, Equifax, and TransUnion published the false information regarding the Accounts to third parties.

## WRITTEN DISPUTE

32. On or about October 2023 Plaintiff sent a written dispute letter to Experian (the "Experian Dispute") disputing the inaccurate information regarding the Experian Accounts reporting on Plaintiff's consumer report.

33. On or about October 2023 Plaintiff sent a written dispute letter to Equifax (the "Equifax Dispute") disputing the inaccurate information regarding the Equifax Accounts reporting on Plaintiff's consumer report.

34. On or about October 2023 Plaintiff sent TransUnion (the "TransUnion Dispute") disputing the inaccurate information regarding the TransUnion Accounts reporting on Plaintiff's consumer report.

35. Experian failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

36. Equifax failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

37. TransUnion failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the disputed information.

38. Experian employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Experian Dispute.

39. Equifax employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's Equifax Dispute.

40. TransUnion employed an investigation process that was not reasonable and did not remove the false information identified in Plaintiff's TransUnion Dispute.

41. Experian, Equifax, and TransUnion each employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer reports.

42. At no point after receiving the Disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's Disputes.

## COUNT I – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

43. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

44. After receiving the Experian Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

45. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

46.     As a result of this conduct, action and inaction of Experian Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

47.     The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

48.     In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

49.     Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II – Experian

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

50.     Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

51.     After receiving the Experian Dispute, Experian failed to correct the false information reporting on Plaintiff's consumer report.

52.     Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing

to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

53. As a result of this conduct, action and inaction of Experian Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

54. The conduct, action, and inaction of Experian was willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

55. In the alternative, Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

56. Plaintiff is entitled to recover costs and attorneys' fees from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

57. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

58. After receiving the Equifax Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

59. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

60. As a result of this conduct, action and inaction of Equifax Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

61. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

62. In the alternative, Equifax was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

63. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT IV – Equifax

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

64. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

65. After receiving the Equifax Dispute, Equifax failed to correct the false information reporting on Plaintiff's consumer report.

66. Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

67. As a result of this conduct, action and inaction of Equifax Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

68. The conduct, action, and inaction of Equifax was willful, rendering Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

69. In the alternative, Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

70. Plaintiff is entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT V – TransUnion

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))

71. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

72. After receiving the TransUnion Dispute, TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

73. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning Plaintiff.

74. As a result of this conduct, action and inaction of TransUnion Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

75. The conduct, action, and inaction of TransUnion was willful, rendering TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

76. In the alternative, TransUnion was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

77. Plaintiff is entitled to recover costs and attorneys' fees from TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT VI – TransUnion

(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

78. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

79. After receiving the TransUnion Dispute, TransUnion failed to correct the false information reporting on Plaintiff's consumer report.

80. TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of its procedures used to determine the accuracy and completeness of the disputed information.

81. As a result of this conduct, action and inaction of TransUnion Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

82. The conduct, action, and inaction of TransUnion was willful, rendering TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

83. In the alternative, TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

84. Plaintiff is entitled to recover costs and attorneys' fees from TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

1. Trial by jury.

2. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

3. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

4. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

   Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Respectfully submitted December 27, 2023

*/s/ Esther Oise*
Esther Oise, Esq. (GA Bar #686342)
Oise Law Group PC

2635 Governors Walk Blvd.
Snellville, GA 30078
Email: oiselaw@gmail.com
Telephone: (770) 895-3736
Attorney for Plaintiff